Filed 4/29/22  P. v. White CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW DOUGLAS WHITE,<br><br>Defendant and Appellant. | C091461<br><br>(Super. Ct. Nos. LOD-CR-FE-2006-0000384, LF009183A) |

Defendant Matthew Douglas White appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  Defendant argues the trial court incorrectly concluded he was ineligible for relief because section 1170.95 applies to second degree murder under *People v. Watson* (1981) 30 Cal.3d 290 (*Watson*).

---

[1]  Undesignated statutory references are to the Penal Code.

1

In supplemental briefing, defendant argues the recent amendments to section 1170.95[2] further support his argument.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We quote the facts from our prior opinion.

"Defendant drove down Interstate 5 at a high rate of speed, weaving in and out of traffic.  He was drunk.  The parties stipulated that more than an hour later defendant's blood alcohol level was .16 percent.  Defendant pulled onto the right shoulder to pass a truck and collided with a car that was stopped on the shoulder.  The driver of the stopped car was killed.  The two passengers in defendant's car were injured." (*People v. White* (Jan. 21, 2011, C063838) [nonpub. opn.] [at p. 2].)

"A jury convicted defendant of second degree murder (Pen. Code, § 187); gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)); driving under the influence, causing injury (Veh. Code, § 23153, subd. (a)) and driving with a blood alcohol level of .08 percent or higher, causing injury (Veh. Code, § 23153, subd. (b)), both with three enhancements for causing great bodily injury (Pen. Code, § 12022.7, subd. (a)) and one for inflicting great bodily injury on multiple victims (Veh. Code, § 23558); driving with a suspended license (Veh. Code, § 14601.1, subd. (a)); exhibition of speed (Veh. Code, § 23109, subd. (c)); and unsafe passing on the right (Veh. Code, § 21755).  Defendant was sentenced to an aggregate, unstayed term of 17 years to life in prison." (*People v. White, supra*, C063838 [at pp. 1-2].)

Defendant filed a form petition for resentencing under section 1170.95.  In the petition, defendant declared he met the requirements for relief, specifically, that (1) the complaint, information, or indictment filed against him allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences

---

[2]  While this appeal was pending, the Legislature amended section 1170.95, effective January 1, 2022, in Senate Bill No. 775 (2021-2022 Reg. Sess.).

doctrine; (2) he was convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189, effective January 1, 2019. Defendant also requested the court appoint him counsel.

The superior court issued an interim order appointing counsel for defendant and finding good cause to extend the time for the prosecutor to respond. The court also found defendant had made a prima facie showing and issued an order to show cause directing the prosecutor to demonstrate why defendant was not entitled to resentencing. In its final ruling, the trial court found the petition did not set forth a prima facie case showing defendant was entitled to resentencing pursuant to section 1170.95 as a matter of law.

DISCUSSION

Defendant argues Senate Bill No. 1437 (2017-2018 Reg. Sess.) effectively eliminated all second degree murder convictions based on implied malice for persons that kill people while driving under the influence of alcohol. We disagree.

Senate Bill No. 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be

convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Former § 1170.95, subd. (a).)

Section 1170.95 created a process for persons convicted of felony murder or murder under the natural and probable consequences doctrine to seek resentencing. It includes a single prima facie determination. (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).) "[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in [former] subdivision (a) of section 1170.95 as eligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*), abrogated on other grounds in *Lewis, supra*, 11 Cal.5th at p. 963; *Lewis, supra*, 11 Cal.5th at p. 972.) The "authority to make determinations without conducting an evidentiary hearing pursuant to [former] section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton*, at pp. 965, 980; *Lewis*, at p. 967.)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of [former] section 1170.95, [subdivision] (a), then the trial court should issue an order to show cause. ([Former] § 1170.95, [subd.] (c).) Once the trial court issues the order to show cause under [former] section 1170.95, [subdivision] (c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in [former] section 1170.95, subd[ivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. ([Former] § 1170.95, subd. (d)(2).)" (*Drayton, supra*, 47 Cal.App.5th at pp. 980-981.)

4

Here, defendant cannot demonstrate eligibility under the previous version of section 1170.95 because he was not convicted of second degree murder under the natural and probable consequences doctrine or the felony-murder rule.

A conviction for murder requires the defendant to commit an act that causes death with the mental state of malice aforethought (malice). (§ 187, subd. (a); *People v. Gonzalez* (2012) 54 Cal.4th 643, 653.) Malice can either be express or implied. (§ 188, subd. (a).)

Prior to the enactment of Senate Bill No. 1437, under the natural and probable consequences doctrine, malice could be imputed to an aider and abettor who did not commit the actual killing and who did not have the requisite mens rea. Under this theory, " '[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime.' " (*People v. Medina* (2009) 46 Cal.4th 913, 920.) " 'Thus, for example, if a person aids and abets only an intended assault, but a murder results, that person may be guilty of that murder, even if unintended, if [the murder] is a natural and probable consequence of the intended assault.' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161.) "A nontarget offense is a ' "natural and probable consequence" ' of the target offense if, judged objectively, the additional offense was reasonably foreseeable. [Citation.] The inquiry does not depend on whether the aider and abettor actually foresaw the nontarget offense. [Citation.] Rather, liability ' ' 'is measured by whether a reasonable person in the defendant's position would have or should have known that the charged offense was a reasonably foreseeable consequence of the act aided and abetted." ' [Citation.]" (*Id.* at pp. 161-162.) In this sense, the former law imputed the mens rea of malice held by the person who committed the actual killing to his or her aiders and abettors who commit other crimes without that required mens rea of malice, when the accomplice's crime(s) have as the natural and probable consequence murder by the principal. (*Id.* at p. 164.)

Senate Bill No. 1437 removed the natural and probable consequences theory as a basis for liability for aiders and abettors by adding the following language to section 188, subdivision (a)(1)(3): "Malice shall not be imputed to a person based solely on his or her participation in a crime."

The record of conviction here demonstrates the jury was instructed and defendant was convicted of second degree murder under *Watson, supra*, 30 Cal.3d 290, necessarily finding he had the requisite mens rea of actual implied malice when he killed the victim. In *Watson*, our Supreme Court stated, "second degree murder based on implied malice has been committed when a person does ' " 'an act, the *natural consequences* of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.' " ' " (*Id.* at p. 300, italics added.) "Phrased in a different way, malice may be implied when defendant does an act with a high probability that it will result in death and does it with a base antisocial motive and with a wanton disregard for human life." (*Ibid.*) Based on this definition, our Supreme Court concluded an intoxicated driver could be convicted of second degree murder if the prosecution could prove the driver's conduct was sufficiently wanton to demonstrate the driver had actual implied malice. (*Ibid.*)

While the language "natural consequences" appears in both the actual implied malice theory and the imputed malice from the natural and probable consequences doctrine, actual *implied* malice murder is a distinct and separate doctrine from liability for an aider and abettor based upon *imputed* malice. (*People v. Martinez* (2007) 154 Cal.App.4th 314, 333 (*Martinez*).) The distinction between these theories is critical because potential relief under former section 1170.95 extends only to those convicted of murder by operation of the natural and probable consequence doctrine or of felony murder. (Former § 1170.95, subd. (a) ["A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder convicted vacated"].)

6

In the first instance, of actual implied malice, the mens rea of actual malice is implied from the conduct of the person who committed the crime. (*Martinez, supra*, 154 Cal.App.4th at p. 333.) The court must analyze a single transaction to determine the defendant's liability. (*Ibid*.) The defendant's liability is not derivative from any other person's mens rea but based solely on his or her own. (*Ibid*.)

That is the case here. Defendant is the actual killer. His malice is derived from his actions. In enacting Senate Bill No. 1437, the Legislature changed the law only for persons who did not commit the actual killing. (Stats. 2018, ch. 1015, § 1, subd. (f).) "Critically, the Legislature said that with the exception of the felony-murder rule, '[a] person's culpability for murder must be premised upon that person's *own actions and subjective mens rea.*' " (*People v. Gentile* (2020) 10 Cal.5th 830, 847.) In *Gentile*, our Supreme Court concluded Senate Bill No. 1437 does not eliminate aiding and abetting liability for murder for persons who aid and abet a murder where the aider and abettor has the mens rea of malice aforethought. (*Gentile*, at p. 848.)

In the second instance, of imputed malice from the natural and probable consequences doctrine, the mens rea of malice of the aider and abettor is derived from the mens rea of the principal. (*Martinez, supra*, 154 Cal.App.4th at p. 333.) In this latter instance, a court must analyze two transactions, the crime of the principal and the crime of the aider and abettor. (*Ibid*.) If the crime of the principal is the natural and probable consequences of the crime of the accomplice, the mens rea of the principal is then imputed to the accomplice regardless of his or her own mens rea. It is only this latter doctrine the Legislature changed.

We thus conclude, Senate Bill No. 1437 did not remove implied malice as a basis for a second degree murder conviction. In this regard, we agree with the rationale and holdings of *People v. Roldan* (2020) 56 Cal.App.5th 997, 1005 and *People v. Soto* (2020) 51 Cal.App.5th 1043, 1059.

7

Here, defendant was convicted under a theory of actual *implied* malice based upon his own actions and own mens rea, not the malice of another person *imputed* to him under the natural and probable consequences doctrine. The jury found he had actual malice because his actions demonstrated his wanton disregard for human life. Malice was not imputed to defendant as an aider or abettor based upon another person's mens rea and actions. Thus, defendant failed to meet the threshold requirement of showing he was convicted under the natural and probable consequences doctrine.

In supplemental briefing, defendant argues Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, supports his argument the Legislature changed the law as to implied malice murder as well. Senate Bill No. 775 added language to section 1170.95, subdivision (a) to allow a petitioner to apply for resentencing where a "complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on that person's participation in a crime,* or attempted murder under the natural and probable consequences doctrine." (Stats. 2021 ch. 551, § 2, italics added.) Defendant argues the italicized language indicates the Legislature's intent to ameliorate punishment for unintended killings like driving while intoxicated. (Stats 2021, ch. 551, § 2.) We disagree.

Defendant contends this amendment is ameliorative and should be applied retroactively under *In re Estrada* (1965) 63 Cal.2d 740, 744, because this case was not final when the law went into effect. Defendant argues the new law is ameliorative because it expands the circumstances under which a defendant is entitled to resentencing to include cases of murder, attempted murder or manslaughter under a theory of felony murder, the natural and probable consequences doctrine, or any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1170.95, subd. (a)(1).) We agree the amendment to section 1170.95 broadens

8

the range of persons who may seek resentencing and is thus ameliorative. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-308.) It should be retroactively applied. (*Ibid.*)

Even though the new law applies, it does not change the result. In relevant part, the Legislature's intention of Senate Bill No. 775 was to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stat. 2021, ch. 551, § 1, subd. (a).) Thus, the law broadened the class of crimes from first or second degree murder to include attempted murder or manslaughter. Defendant did not commit either of those crimes. The Legislature was not, as defendant argues, intent on extending resentencing to defendants convicted of murder for driving in such an intoxicated state the jury finds defendant acted with actual implied malice.

Defendant's argument fails under the new law for the same reason it did under the former law. Malice was not imputed to defendant based *solely* on the crime of driving while intoxicated. Defendant's conviction was based on his own mens rea of malice implied from the act he committed that had a high probability it would result in death and he did so with a base antisocial motive and with a wanton disregard for human life. (*Watson*, *supra*, 30 Cal.3d at p. 300.) The jury so found and as a result found him guilty of murder. Under these circumstances, he fails to establish his conviction qualifies under section 1170.95 as amended. He remains ineligible for resentencing as a matter of law.

DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

/s/
RAYE, P. J.

We concur:

/s/
ROBIE, J.

/s/
HOCH, J.